727 P.2d 346

**Edwin Denton CEARLEY and Janice Cearley,**
**Plaintiffs/Appellees/Cross-Appellants,**

v.

**Gary A. WIESER and Jane Doe Wieser, Morton Bloom and Jane Doe Bloom, John Marsh and Jane Doe Marsh, Defendants/Appellants/Cross-Appellees.**

**No. 2 CA–CIV 5662.**

Court of Appeals of Arizona,
Division 2, Department A.

April 3, 1986.

Review Denied Oct. 21, 1986.

**294**

Rawlins, Burrus & Lewkowitz by Chester J. Peterson, Phoenix, for plaintiffs/appellees/cross-appelants.

Atmore Baggot, Phoenix, for defendants/appellants/cross-appellees.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from a jury verdict of $15,000 compensatory damages in a consumer fraud case and a cross-appeal from the trial court's refusal to submit the issue of punitive damages to the jury. Briefly, and considered in the light most favorable to upholding the jury's verdict, the record discloses that appellant Gary Wieser, a member of the Arizona Bar, and three other investors filed three applications for a Series 9 liquor license. They intended to form a corporation to hold the license and listed Wieser's law office as the proposed location of business. A drawing was subsequently held by the state, and one of their applications won the right to a liquor license. Appellant Morton Bloom, one of the investors, contacted a broker who was assured a commission if she produced a buyer. While they were waiting for the broker to find a buyer, Wieser became aware of A.R.S. § 4–203 which prohibits the voluntary transfer of a liquor license to another person unless (1) the license has been used for at least two years in the operation of a bona fide liquor business; (2) the license was at the same location for one year; and (3) the transfer is part of a bulk sale of a business.

On March 18, 1982, appellee Edwin Cearley and Wieser were introduced by the broker. Wieser represented to Cearley that he was the agent of a corporation to be formed, ESL, and that this proposed corporation had the right to apply for a Series 9 liquor license. The parties then entered into an agreement for the assignment of the rights of the corporation to be formed (ESL) to the liquor license. The agreement provided that if as a result of this assignment ESL was disqualified from obtaining the license, Cearley would recover all sums paid and the written agreement would be rescinded. Although Wieser agreed to form a corporation for the sum of $350, which Cearley provided, the corporation was never formed. In anticipation of securing the liquor license, Cearley expended the sum of $15,161 in preparing premises for the conduct of business.

After a series of hearings and rehearings, the state liquor board found that the winning applicant in the 1981 Quota License drawing was Gary Wieser, but that

the application for a new license was to be issued in the name of Edwin Cearley as the applicant. The board then concluded, as a matter of law, that Wieser had not complied with the transfer requirements of A.R.S. § 4–203 and that the priority right to apply for the Series 9 liquor license should revert to the State of Arizona to be passed on to the next qualified person holding the next priority for the quota drawing.

■ Appellants first argue that appellees had no cause of action under A.R.S. § 44–1533 of the Consumer Fraud Act because, assuming arguendo that they had engaged in unlawful practices, they had not thereby acquired any money or property.[1] We do not agree. They acquired the sum of $350.

■ Appellants next argue that they were entitled to judgment as a matter of law, since the record demonstrates that appellees had actual knowledge of the deception. They arrive at this conclusion from the fact that the written assignment agreement contained in it a provision that appellees would get their money back and the agreement would be rescinded if the transfer did not take place. We do not agree with this contention. A guarantee of the return of all money if not satisfied is not equivalent to knowledge of any deceptions.

■ The trial court refused to give defendants' requested instruction No. 2 which stated:

"In order to find a violation of the consumer fraud statute, plaintiff must establish that the representations were false and that defendants knew that the representations were false."

Appellants contend that the failure to give the above instruction was erroneous, since the jury was never instructed that they could not be liable under the Consumer Fraud Act unless they knew that the representations that they made were false. As authority for this proposition, appellants

rely on three federal cases dealing with the liability of advertising agencies. These cases are not on point. A.R.S. § 44–1522(A) governs this action. It states:

"The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, ... whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice."

As can be seen, there is no requirement in the statute that the defendant have knowledge that the misrepresentations are false.

■ Appellants contend finally that the trial court erred in failing to instruct the jury that "a misrepresentation of law does not by itself constitute actionable fraud." While a misrepresentation of the law does not constitute actionable fraud at common law, see *Barnes v. Lopez*, 25 Ariz. App. 477, 544 P.2d 694 (App.1976), the elements of a claim for relief under the Consumer Fraud Act are not necessarily identical to the elements of a common law action. *Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574 (App.1978). A.R.S. § 44–1522 is much broader in its scope than any common law action for fraud. Assuming, arguendo, that a misrepresentation of law is not included under the unlawful practices listed in A.R.S. § 44–1522, appellants have failed to show how they were prejudiced by the failure of the trial court to give their requested instruction.

■ In its cross-appeal the appellees claim the trial court erred in failing to submit the issue of punitive damages to the jury. We do not agree. Punitive damages may be properly awarded by the trier of fact for deceptive practices. Punitive damages should be awarded where the conduct of the wrongdoer is wanton, reckless or

---

1. A.R.S. § 44–1533 provides:
"The provisions of this article shall not bar any claim against any person who has ac-

quired *any monies or property*, real or personal, by means of any practice declared to be unlawful by this article." (Emphasis added.)

shows spite or ill-will or where there is a reckless indifference to the interest of others. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974). Appellees have failed to point to any evidence which would justify the trial court in submitting the issue of punitive damages to the jury under the criteria set forth in *Sellinger v. Freeway Mobile Home Sales, Inc.*, supra. Appellees merely state that since the trial court let the case go to the jury under the Consumer Fraud Act, it should also have let them determine the issue of punitive damages. We do not agree with this contention. The trial court did not err in its failure to submit the issue to the jury.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.